**NIGHT BOX**
**FILED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MAR 19 2004

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CASE No. 04-_____-Civ-_____

**04-20658**

DARBY MARITIME LIMITED, and
GREGORY A. BRADY,

     Plaintiffs

**CIV-JORDAN**

v.

HOLLAND & KNIGHT LLP,
MICHAEL T. MOORE, DANIELLE
GRUCCI BUTLER, KOCH, NEWTON
& PARTNERS, L.C., AND JOHN
ROBERT NEWTON III, a/k/a ROB
NEWTON,

**MAGISTRATE JUDGE**
**BROWN**

     Defendants.

_____/

## COMPLAINT
### (JURY TRIAL REQUESTED)

### DIVISION I

    Plaintiffs, Darby Maritime Limited and Gregory A. Brady ("Plaintiffs"), through

their undersigned counsel, hereby file this Complaint against Holland & Knight LLP,

Michael T. Moore, and Danielle Grucci Butler for Legal Malpractice and against Koch,

Newton & Partners, L.C. and Rob Newton for Breach of Fiduciary Duty, Negligent

Misrepresentation, and Negligence.



## NATURE OF THE ACTION

1. This action is brought against, *inter alios*, the Florida law firm of Holland & Knight LLP and attorneys Michael T. Moore and Danielle Grucci Butler (hereinafter collectively referred to as "Holland & Knight") for legal malpractice in representing Darby Maritime Limited and Gregory A. Brady in a transaction for the construction and purchase of a luxury motor yacht from Sensation Yachts Limited, a New Zealand shipyard, ("Vessel").

2. This action is also brought against, *inter alios,* a Florida yacht brokerage, Koch, Newton & Partners, L.C. and Florida licensed yacht broker, John Robert Newton III, a/k/a Rob Newton (hereinafter collectively referred to as "Koch Newton"), for breach of fiduciary duty, misrepresentations, and negligence concerning the transaction for the construction and purchase of the Vessel, and their conflict of interest in representing both the seller of the Vessel, Sensation Yachts Limited and also acting as the broker for the purchaser of the Vessel, Darby Maritime Limited and its Guarantor, Gregory A. Brady.

## PARTIES

3. Plaintiff, Darby Maritime Limited ("Darby Maritime") is a Cayman Islands company with its principal place of business in the Cayman Islands.

4. Plaintiff, Gregory A. Brady ("Brady") is a citizen of the state of Texas.

5. Defendant, Holland & Knight LLP is a Florida Registered Limited Liability Partnership with its principal place of business in Tampa, Florida and maintains an office and conducts extensive business in Miami, Florida.

2

6.   Defendant, Michael T. Moore ("Moore") is a citizen of the state of Florida and is an attorney licensed to practice law in the state of Florida.  Moore is Board Certified in Admiralty & Maritime Law and International Law.  Moore, at all times material hereto, practiced as a partner with Holland & Knight LLP in its Miami, Florida office as a member of its maritime and shipping group, and international practice group.

7.   Defendant, Danielle Grucci Butler ("Butler") is a citizen of the state of Florida and is an attorney licensed to practice law in the state of Florida and is practicing as an associate with Holland & Knight LLP in its Miami, Florida office as a member of its maritime and shipping practice group.

8.   Defendant, Koch, Newton & Partners, L.C. ("Koch, Newton & Partners") is an international yacht brokerage Florida Limited Liability Company, with its principal office and place of business in Fort Lauderdale, Florida.

9.   John Robert Newton III, a/k/a Rob Newton, ("Newton") is a licensed Yacht & Ship Salesperson or Broker in the State of Florida, License No. EBK1726 and a citizen of the United States and resides in Fort Lauderdale, Florida.

## JURISDICTION, AND VENUE

10.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2), because the matter in controversy exceeds the value and sum of $75,000.00, exclusive of interest and costs, and because the controversy is between citizens of different states and citizens or subjects of a foreign state.

3

11.   Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(a) and (c) as a defendant resides in this District and a substantial part of the events giving rise to the claims occurred in this Judicial District.

## DIVISION II – CLAIMS AGAINST HOLLAND & KNIGHT, MOORE, AND BUTLER

### COUNT I – LEGAL MALPRACTICE

12.   On or about fall 2001, Holland & Knight began to represent Darby Maritime and Brady concerning all necessary legal matters in their purchasing a 174 foot luxury motor yacht then under construction from Sensation Yachts Limited ("Shipyard"), including but not limited to, preparation of the Vessel Construction Agreement and associated documentation and all other related transactional matters for the purchase of a luxury motor yacht.

13.   As a result of the attorney-client relationship created by their representation of Darby Maritime and Brady, Defendants, Holland & Knight LLP and Moore and Butler had a duty to represent Darby Maritime and Brady with the reasonable care, skill, and diligence possessed and exercised by attorneys in similar circumstances.

14.   Attorney Moore, who held himself out to the public as possessing greater than ordinary knowledge and skill in the field of Admiralty & Maritime Law and International Law, had a duty to represent Darby Maritime and Brady with the reasonable care, skill, and diligence ordinarily possessed and exercised by attorneys in similar circumstances specializing in the field of Admiralty & Maritime Law and International Law.

4

15. Attorneys Moore and Butler were acting within the scope of their authority for Holland & Knight LLP when the acts, errors and omissions resulting in legal malpractice occurred.

16. Defendant, Holland & Knight LLP is vicariously liable for the negligent acts, errors, and omissions of Defendants, Moore and Butler in connection with the legal services they rendered to Darby Maritime and Brady.

17. The Vessel Construction Agreement provides that it is to be governed by and construed in accordance with the English law.

18. Defendants, Holland & Knight LLP, Moore and Butler were negligent in the following particulars:

(a) In failing to take ordinary, reasonable and prudent measures to see that the financial obligations and commitments regarding this transaction were in a writing which clearly expressed the exact agreement of the parties;

(b) In failing to draft the Vessel Construction Agreement so as to give Darby Maritime title to the ongoing work in the construction of the Vessel in clear and express terms;

(c) In failing to attach and incorporate material exhibits to the Vessel Construction Agreement which were intended by Darby Maritime and Brady to be incorporated and to be binding upon Shipyard;

(d) In failing to use clear and precise terms in the Vessel Construction Agreement so as to prevent confusion and uncertainty as to the respective rights, interests and obligations of the parties;

(e) In failing to draft the Vessel Construction Agreement so as to obtain an express representation from Shipyard that as of the closing the Vessel was free and clear of any liens or encumbrances and would remain free and clear of liens or encumbrances until delivery;

(f) In failing to draft the Vessel Construction Agreement so as to give Darby Maritime a clear and express first lien on the Vessel;

(g) In failing to insure that copies of the Vessel Construction Agreement and all of its intended Exhibits at the time executed were placed in the hands of all of the parties involved as part of the closing due diligence activities;

(h) In sending a copy of the Vessel Construction Agreement signed by Darby Maritime and Brady to Shipyard for signature without first insuring that all of the Exhibits which were intended to be attached and incorporated by Darby Maritime and Brady were attached and acceptable to them before sending it fully executed to Shipyard, such that all Shipyard had to do was execute it and thus bind Darby Maritime and Brady, which sequence of events did occur, resulting in binding Darby Maritime and Brady to an agreement they did not fully agree to in several material respects;

(i) In failing to follow Darby Maritime's instruction to protect its financial interest in the Vessel;

(j) In failing to timely conduct a lien search to see if the Vessel was subject to a lien or other encumbrance which would be superior or otherwise jeopardize Darby Maritime's interest in the Vessel;

(k) In failing to timely file a lien against the Vessel on Darby Maritime's behalf as part of the closing due diligence activities;

(l) In failing to employ or consult with United Kingdom counsel regarding providing for Darby Maritime to have clear and express title to the ongoing work in the construction of the Vessel;

(m) In failing to employ or consult New Zealand counsel regarding liens and title issues material to protecting the interest of Darby Maritime in the Vessel;

(n) In failing to take reasonable and prudent steps to protect Darby Maritime and Brady against fraud, misrepresentation or unethical practices by the adverse party to the transaction, Sensation Yachts Limited (Shipyard); and

(o) In failing to act as a reasonable and prudent attorneys with an expressed specialty and certification in Admiralty and Maritime Law and

International Law and representing a client in a transaction for the construction and purchase of a luxury motor yacht in New Zealand, a foreign jurisdiction.

19.    The Vessel Construction Agreement drafted by Holland & Knight contains, but is not limited to, the following additional deficiencies:

(a)    It does not contain a provision which clearly and expressly gave Darby Maritime title to the Vessel as it was being constructed;

(b)    It does not give Darby Maritime a representation and warranty from Shipyard that there were no liens or encumbrances on the Vessel which would jeopardize its interest in the Vessel;

(c)    It does not give Darby Maritime a clear and express right to a first lien on the vessel;

(d)    It does not contain all of the Exhibits which had been agreed to by Brady and which Brady intended to be incorporated into and form a part of the Vessel Construction Agreement with Shipyard;

(e)    The force majeure provision did not adequately protect Darby Maritime or Brady; and

(f)    The phrase "drop-in furniture" was utilized to describe certain work, yet this phrase was undefined and is inconsistent with other language and is not a term of art in the shipbuilding industry.

20.    The conduct of Holland & Knight LLP, Moore, and Butler, as set out above, has resulted in a proceeding for relief in New Zealand and arbitration proceedings in the United Kingdom between Darby Maritime, Brady and Shipyard.

21.    At the first arbitration proceeding, Moore failed to seek "rectification" (which in the United States is the same as reformation), which means Moore never requested that the arbitrator reform the Vessel Construction Agreement to reflect the true agreement between the parties.

7

22.   At the first arbitration proceeding, Moore advised Brady to withdraw claims of fraud, misrepresentation, illegality and mistake and the claims were withdrawn.

23.   Holland & Knight LLP, Moore and Butler's conduct as set out above was a breach of their duty to exercise reasonable care, skill, and diligence on behalf of Darby Maritime and Brady.

24.   Holland & Knight LLP, Moore and Butler's conduct as set out above was a proximate cause of substantial economic loss and damage to Darby Maritime and Brady, including the loss of the benefit of the bargain, struck by Darby Maritime with Shipyard, and consequential and incidental damages which include, but are not limited to, the following:

(a)  Attorney fees and other costs incurred for legal advice, legal proceedings and arbitration proceedings required as a result of not incorporating the correct Exhibits and the ambiguous and imprecise language in the Vessel Construction Agreement;

(b)  Attorney fees and other costs in attempting to protect its financial interest in the Vessel;

(c)  Attorney fees and other costs in prosecuting this claim;

(d)  The payment of additional construction costs which should have been included as part of the responsibility of Shipyard if the agreement struck by Darby Maritime and Brady had been clearly and expressly incorporated into the Vessel Construction Agreement;

(e)  The loss of bargaining power as a result of the ambiguous and imprecise Vessel Construction Agreement concerning delivery and acceptance of the Vessel as constructed; and

(f)  Interest on all sums paid as a result of Defendants' negligence.

WHEREFORE, Plaintiffs, Darby Maritime Limited and Gregory A. Brady, by reason of the foregoing, respectfully request Judgment Entry against the Defendants, Holland & Knight LLP, Michael T. Moore, and Danielle Grucci Butler, jointly and severally, for all actual damages allowed by law in an amount to be determined by the jury, plus legal interest at the rate provided by law, attorney fees and costs, and for such other relief to which Plaintiffs may be entitled under the law.

## DIVISION III— CLAIMS AGAINST KOCH, NEWTON & PARTNERS AND NEWTON

### COUNT II – BREACH OF FIDUCIARY DUTY

25.   Plaintiffs reallege paragraphs 1 through 24 as though fully set forth herein.

26.   Prior to the purchase of the Vessel which is the subject of this lawsuit, Koch Newton had represented Brady in the purchase of a fully completed motor yacht, NOBLE HOUSE and then acted as the managing charter company and agent for NOBLE HOUSE.

27.   After becoming aware that Brady was interested in purchasing a larger yacht, on or about the summer of 2001, Koch Newton advised Brady to consider the purchase of a motor yacht under construction from Shipyard, the same motor yacht which became the subject of the Vessel Construction Agreement, herein referred to as the Vessel.

28.   At the time Koch Newton advised Brady to consider purchasing the Vessel, Koch Newton was the listing agent for Shipyard and had a financial interest in the sale of the Vessel.

29.   Prior to this time, Brady was completely unfamiliar with the Vessel or Shipyard and had never purchased a vessel of any kind which was under construction.

9

30. Brady relied on Koch Newton's advice and Koch Newton then undertook and did provide Darby Maritime and Brady with information on the background, reputation and financial standing of Shipyard, and agreed to provide him with all other services as a yacht broker surrounding the negotiations and purchase of the Vessel.

31. Koch Newton had a fiduciary duty to Darby Maritime and Brady when they undertook to act as their agent regarding the purchase of the Vessel.

32. Because of this fiduciary relationship, Darby Maritime and Brady were entitled to and did place trust and confidence in Koch Newton.

33. When Brady became interested in purchasing the Vessel, he placed NOBLE HOUSE for sale with Koch Newton as the listing agent.

34. The fiduciary duty imposed by Florida law upon Koch Newton acting as agent for Darby Maritime and Brady was to act with utmost good faith and full disclosure, and to always protect and promote their interest in the transaction.

35. Koch Newton failed to advise Darby Maritime and Brady that Koch Newton's interests in the transaction and their obligation to Shipyard were in direct conflict with those of Darby Maritime and Brady.

36. Koch Newton never advised Darby Maritime and Brady that they were not acting as their broker.

37. Koch Newton never advised Darby Maritime and Brady that given their conflict of interest they could not always protect and promote Darby Maritime and Brady's interest in the transaction.

38.   Koch Newton never advised Brady to obtain another broker to represent Darby Maritime in the purchase of the Vessel, but instead expressly and aggressively solicited their services as dual agent.  This solicitation included, but was not limited to, expressly advising Brady that it was in Brady's financial interest to have himself and the Koch Newton brokerage firm represent both parties to the transaction for purchase of the Vessel.

39.   Koch Newton breached their fiduciary duty when they failed to inform Brady and Darby Maritime with fairness, promptness, and completeness concerning all facts within their knowledge which were or would have been material to the purchase of the Vessel from Shipyard.

40.   Koch Newton breached their fiduciary duty when they failed to comply with the Florida Yacht Brokers Association Code of Ethics, then in effect and of which Koch Newton is a member, which required in part:

"Section 1. It is the duty of the member to protect the public against fraud, misrepresentation, or unethical practices in the yacht brokerage profession. Member should endeavor to eliminate any practices which could be damaging to the public or to the dignity and integrity of the yacht brokerage profession.";

"Section 2. In accepting employment as an agent, member pledges himself to protect the interests of his client.  This obligation of absolute fidelity to the client's interest is paramount, but it does not relieve the member from the obligation of dealing fairly with all parties to the transaction.";

"Section 4. Member, for the protection of all parties with whom he deals, should see that financial obligations and commitments regarding brokerage transactions are in writing and express the exact agreement of the parties.  Copies of such agreements must be placed in the hands of all parties involved at the time the agreements are executed, or as soon thereafter as practicable."; and

"Section 9. Member should use his best efforts to ascertain all pertinent facts concerning every vessel, including the correct model year of manufacture as it appears on the ship's document, for which he accepts the agency so that he may fulfill his professional obligation to avoid error, exaggeration, misrepresentation or concealment of pertinent facts."

41.    Darby Maritime and Brady reasonably relied on Koch Newton to protect their interests in purchasing the Vessel.

42.    Koch Newton breached their fiduciary duty when they failed to act in good faith.

43.    At all times material, Newton was a partner, employee or agent of Koch, Newton & Partners, L.C and was acting within the scope of his authority for Koch, Newton & Partners, L.C.

44.    The Defendant, Koch, Newton & Partners, L.C. is vicariously liable for the negligent acts, errors, and omissions of Defendant Newton in connection with the broker services rendered to Darby Maritime and Brady.

45.    Koch Newton & Partners and Newton's conduct as set out above was a proximate cause of substantial economic loss and damages to Darby Maritime and Brady, including the loss of the benefit of bargain, and consequential and incidental damages which include the following:

(a)    Attorney fees and other costs incurred for arbitration proceedings required as part of the ambiguous and imprecise language in the Vessel Construction Agreement;

(b)    Attorney fees and other costs in attempting to protect its financial interest in the Vessel;

(c)    Attorney fees and other costs in prosecuting this claim;

(d)    The payment of additional construction costs which should have been included as part of the responsibility of Shipyard if the agreement struck

12

by Darby Maritime and Brady had been clearly and expressly incorporated into the Vessel Construction Agreement; and

(e)     Interest on all sums paid as a result of Defendants' negligence.

WHEREFORE, Plaintiffs, Darby Maritime Limited and Gregory A. Brady, by reason of the foregoing, respectfully request Judgment Entry against the Defendants, Koch, Newton, & Partners, L.C., and Rob Newton, jointly and severally, for all actual damages allowed by law and punitive damages in an amount to be determined by the jury, plus legal interest at the rate provided by law, attorney fees and costs, and for such other relief to which Plaintiffs may be entitled under the law.

## COUNT III—NEGLIGENT MISREPRESENTATION

46.    Plaintiffs reallege paragraphs 1 through 45 as though fully set forth herein.

47.    Koch Newton inspected the Vessel before the Vessel Construction Agreement was signed.

48.    Koch Newton in the course of their business, profession and employment made material representations to Darby Maritime and Brady concerning Shipyard and the Vessel.

49.    Koch Newton had a pecuniary interest in procuring the sale of the Vessel and during the course of acting as agent for Darby Maritime and Brady in this transaction, they failed to provide material information and supplied false and misleading information for Darby Maritime and Brady's guidance in the business transaction.

50.    Koch Newton failed to disclose material facts concerning Shipyard and the Vessel.

13

51.   Koch Newton represented Shipyard and its management as reputable and trustworthy.

52.   Before the Vessel Construction Agreement was executed, Koch Newton became aware that certain Interior Designers General Arrangement Plans and Specifications had been agreed upon by Brady and that such plans and specifications were deemed plans to be part of the Vessel Construction Agreement.

53.   Koch Newton failed to timely review the Vessel Construction Agreement before it was signed by Darby Maritime and Brady and failed to discover that the Vessel Construction Agreement failed to protect their interest in the Vessel and that it contained imprecise and ambiguous terms not in Darby Maritime and Brady's best interest.

54.   Koch Newton gave no indication that Shipyard may have financial difficulties or that there was a lien against the Vessel.

55.   Koch Newton failed to arrange and conduct a formal closing of the Vessel Construction Agreement transaction so as to insure that this writing and all documents incorporated therein by reference expressed the exact agreement of the parties.

56.   Koch Newton did not conduct a lien search on Shipyard and the Vessel, or if they did so, they failed to discover and advise Darby Maritime and Brady that there was a lien against the Vessel which jeopardized their interest in the Vessel.

57.   Koch Newton represented that the yard had "a lot of history" and had "built a lot of boats", however, while Shipyard had just completed a 150' motor yacht, Shipyard's history and mainstay construction were primarily sailboats, not motor yachts.

58.   Koch Newton failed to advise Darby Maritime and Brady that Shipyard had recently been sold to Ivan Erceg, a person with limited experience in either the construction or managing the construction of luxury motor yachts.

59.   The representations made by Koch Newton were false.

60.   The representations made and failure to provide information and advice reasonably required in the transaction by Koch Newton were material to Darby Maritime and Brady purchasing the Vessel.

61.   Darby Maritime and Brady justifiably relied upon the representations made by Koch Newton.

62.   The false representations and omissions of Koch Newton were a proximate cause of the damages incurred by Darby Maritime and Brady, and Koch Newton & Partners and Newton, each are jointly and severally liable for all of the resulting damages.

63.   The conduct of Koch Newton, as set forth in this Count, was in reckless disregard for the rights and financial wellbeing of Darby Maritime and Brady, and as such warrants an award of punitive damages.

WHEREFORE, Plaintiffs, Darby Maritime Limited and Gregory A. Brady, by reason of the foregoing, respectfully request Judgment Entry against the Defendants, Koch, Newton, & Partners, L.C., and Rob Newton for all actual damages allowed by law and punitive damages in an amount to be determined by the jury, plus legal interest at the rate provided by law, attorney fees and costs, and for such other relief to which Plaintiffs may be entitled under the law.

## COUNT IV – NEGLIGENCE

64.    Plaintiffs reallege paragraphs 1 through 63 as though fully set forth herein.

65.    Koch Newton had a duty to exercise ordinary care in the transaction for purchase of the Vessel on behalf of and as agent for Darby Maritime and Brady.

66.    Koch, Newton & Partners L.C, and Newton were negligent in the following particulars:

(a)  They failed to obtain an agreement between Darby Maritime, Brady and Shipyard permitting Koch Newton to act as an agent for both the seller (Shipyard) and purchaser (Darby Maritime) in the same transaction;

(b)  They failed to advise Darby Maritime and Brady that their representation of Shipyard as listing agent was in direct conflict with the interest of Plaintiffs;

(c)  They failed to advise Brady that they were not Plaintiffs' broker from the beginning;

(d)  They failed to advise Darby Maritime and Brady to obtain another broker to represent them in the transaction;

(e)  They failed to inform Brady and Darby Maritime with fairness, promptness, and completeness concerning all facts within their knowledge or required to be given by them which would have been material to the purchase of the Vessel from Shipyard;

(f)  They failed to comply with the Florida Yacht Brokers Association Code of Ethics, then in effect and of which Koch Newton is a member, which required in part:

"Section 1. It is the duty of the member to protect the public against fraud, misrepresentation, or unethical practices in the yacht brokerage profession.  Member should endeavor to eliminate any practices which could be damaging to the public or to the dignity and integrity of the yacht brokerage profession.";

"Section 2. In accepting employment as an agent, member pledges himself to protect the interests of his client.  This obligation of absolute fidelity to the client's interest is paramount, but it does not

relieve the member from the obligation of dealing fairly with all parties to the transaction.";

"Section 4. Member, for the protection of all parties with whom he deals, should see that financial obligations and commitments regarding brokerage transactions are in writing and express the exact agreement of the parties.  Copies of such agreements must be placed in the hands of all parties involved at the time the agreements are executed, or as soon thereafter as practicable."; and

"Section 9. Member should use his best efforts to ascertain all pertinent facts concerning every vessel, including the correct model year of manufacture as it appears on the ship's document, for which he accepts the agency so that he may fulfill his professional obligation to avoid error, exaggeration, misrepresentation or concealment of pertinent facts."

(g)  They supplied false information for Darby Maritime and Brady's guidance;

(h)  They failed to conduct a lien search on Shipyard and the Vessel;

(i)  They failed to advise Darby Maritime and Brady of the recent change of Shipyard's ownership and its new management's lack of experience in large motor yacht construction;

(j)  They failed to insure that copies of the Vessel Construction Agreement and its attached exhibits at the time executed were the proper written expression of the parties agreement; and

(k)  They failed to act as a reasonable and prudent yacht broker representing a client in a transaction for the construction and purchase of a luxury motor yacht.

67.  Koch Newton's conduct as set out above was a breach of their duty to exercise reasonable care, skill and diligence on Darby Maritime and Brady's behalf.

68.  Koch Newton's conduct as set out above was a proximate cause of substantial economic loss to Darby Maritime and Brady, including the loss of the benefit of their bargain, and consequential and incidental damages which include the following:

(a)  Attorney fees and other costs incurred for arbitration proceedings required as part of the ambiguous and imprecise language in the Vessel Construction Agreement;

(b) Attorney fees and other costs in attempting to protect its financial interest in the Vessel;

(c) Attorney fees and other costs in prosecuting this claim;

(d) The payment of additional construction costs which should have been included as part of the responsibility of Shipyard if the agreement struck by Darby Maritime and Brady had been clearly and expressly incorporated into the Vessel Construction Agreement; and

(e) Interest on all sums paid as a result of Defendants' negligence.

WHEREFORE, Plaintiffs, Darby Maritime Limited and Gregory A. Brady, by reason of the foregoing, respectfully request Judgment Entry against the Defendants, Koch, Newton, & Partners, L.C., and Rob Newton, jointly and severally, for all actual damages allowed by law in an amount to be determined by the jury, plus legal interest at the rate provided by law, attorney fees and costs, and for such other relief to which Plaintiffs may be entitled under the law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all issues in this action triable of right by a jury.

Respectfully submitted,

LaMARCA & LANDRY, P.C.

By _____
George A. LaMarca
Florida Bar No. 498912
1820 118th Street, Suite 200
Des Moines, Iowa 50325
Telephone:  515-225-2600
Facsimile:  515-225-8581
E-mail:  connie@lamarcalandry.com

ATTORNEYS FOR PLAINTIFFS
DARBY MARITIME LIMITED AND
GREGORY A. BRADY

Original filed with Court.

MAR-22-2004  02:58PM   FROM-US DISTRICT COURT                                    T-873   P.001/001   F-190

**COPY FOR JUDGE**

# 04-20658

JS-44  IOWA

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Darby Maritime Limited, and
Gregory A. Brady

**DEFENDANTS**   NIGHT BOX
Holland and Knight LLP; Michael T. Moore;
Danielle G. Butler; Koch, Newton & Partners
L.C.; John Robert Newton, II b/b/a/k/a Rob Newt

**(b)** County of Residence of First Listed Plaintiff _____

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   MAR 1 9 2004
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.   CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
George A. LaMarca
1820 118th Street, Suite 200
Des Moines, Iowa 50325
(515) 225-2800   *Action arose in Dist*

Attorneys (If Known)

MAGISTRATE JUDGE
BROWN

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ U.S. Government Plaintiff | ☐ Federal Question (U.S. Government Not a Party) |
| ☐ U.S. Government Defendant | ☒ Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ | ☐ | Incorporated or Principal Place of Business In This State | ☐ | ☒ |
| Citizen of Another State | ☐ | ☐ | Incorporated and Principal Place of Business In Another State | ☐ | ☐ |
| Citizen or Subject of a Foreign Country | ☒ | ☐ | Foreign Nation | ☐ | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| ☒ Original Proceeding | ☐ Removed from State Court | ☐ Remanded from Appellate Court | ☐ Reinstated or Reopened | ☐ Transferred from another district (specify) | ☐ Multidistrict Litigation | ☐ Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. section 1332(a)(2) (Diversity)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See Instructions) and L.R. 3.1(e)): JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # 599686   AMOUNT $150.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____