UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20658-Civ-TORRES

Consent Case

DARBY MARITIME LIMITED,

      Plaintiff,

vs.

HOLLAND & KNIGHT, LLP, MICHAEL T.
MOORE, DANIELLE GRUCCI BUTLER, KOCH,
NEWTON & PARTNERS, L.C., and JOHN
ROBERT NEWTON III a/k/a ROB NEWTON,

      Defendants.

_____/

## HOLLAND & KNIGHT, LLP, MICHAEL T. MOORE AND DANIELLE J. BUTLER'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DARBY'S CLAIMS FOR DAMAGES SURRENDERED IN SETTLEMENT

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 7.5 of the United States District Court for the Southern District of Florida, Defendants Holland & Knight, LLP, Michael T. Moore and Danielle Butler (collectively "H&K") move the Court for partial summary judgment against Plaintiff, Darby Maritime Limited.

### I.    Background

This is a legal malpractice claim. In its Amended Complaint, Darby alleges among other things that H&K was negligent in drafting a contract, and that the negligence forced Darby to enter into an unfavorable settlement after disputes arose between it and the contract's other party. Darby seeks to recover damages from H&K that Darby asserts it

1

Case No. 04-20658-Civ-TORRES

would have been entitled to receive on claims against that other party which it gave up in the settlement.

H&K represented Darby in connection with drafting a Vessel Construction Agreement (the "VCA") for a luxury motor yacht (the "Vessel") under construction at a New Zealand boatyard, Sensation Yachts ("Sensation"). Disputes arose between Darby and Sensation while the Vessel was being built. A substantial area of dispute concerned the lengthy delay in the Vessel's delivery. Ultimately, Darby and Sensation settled those disputes and amended the VCA.[1] In that amendment, Darby gave up numerous claims it had against Sensation, including its claims against Sensation for delay damages. Darby contends here that it surrendered those claims only because H&K was negligent in drafting the VCA. Darby alleges that this negligence left it in a weakened bargaining position, resulting in the disadvantageous settlement with Sensation.

## II.   Darby's Claims

Darby makes several claims against H&K in this lawsuit. This Motion addresses only Darby's claims against H&K relating to the VCA's drafting. The gravamen of those claims is that H&K failed to adequately draft the VCA to protect Darby's ownership interest in the Vessel. The result, Darby contends, was that it was forced to capitulate when Sensation threatened bankruptcy in the course of negotiating resolution of their disputes. Specifically, Darby claims that if it had not given in to Sensation's demands, it would have lost the Vessel and all of the money it had already paid toward the Vessel's purchase.

---

[1]     H&K did not represent Darby in connection with the settlement.

In the settlement that resulted in the Amended VCA, Darby waived its contractual right to recover damages attributable to delays in the Vessel's delivery.  The delay-related damages allegedly foregone include the following:

1.  Delay damages calculated under the VCA's liquidated      $3,056,351.55
    damages clause

2.  Lost charter revenues for the period of delay            $ 460,000.00

3.  Naval architect fees and costs incurred due to the delay  $   73,470.00

4.  The increased cost for equipment purchased in 2004       $   83,018.00
    instead of 2002 as a result of construction delays

Darby also claims that the contractual ambiguity respecting its ownership interest forced it to settle away its right to recover from Sensation the cost of Vessel repairs necessitated by Sensation's design errors which adversely impacted the Vessel's draft. These damages are:

1.  Costs to repair the swim platform and correct          $661.528.13
    the Vessel's stern

Having given up its right to recover on each of these claims from Sensation, Darby turns to H&K.  For several reasons, Darby cannot recover these damages in this action.

### III.    H&K's Entitlement to Summary Judgment

H&K is entitled to summary judgment on Darby's delay-related claims for four reasons.  First, Darby cannot prevail because the VCA protected Darby's interest in the Vessel.  The agreement is clear that title to the Vessel passed progressively in proportion to payments made by the purchaser (Darby).  This is exactly what Darby claims the parties intended.  There is no genuine issue of material fact in dispute on this point.  Because the

Case No. 04-20658-Civ-TORRES

VCA provided the protections Darby claims it wanted, H&K's actions could not have caused Darby to surrender any claims against Sensation in the settlement.  Based upon the VCA's clear wording, H&K is entitled to summary judgment in its favor on the delay-related claims and the Vessel draft claims..

Second, H&K is entitled to summary judgment because New Zealand law afforded Darby the very rights it claims the VCA was intended to secure – it protected Darby's interest in the Vessel.  Therefore, Sensation's threat of bankruptcy was an empty one. Because Darby gave up its rights in the settlement with Sensation despite being protected under New Zealand law, H&K's drafting of the VCA was not the proximate cause of Darby's damage, if any.

Third, H&K is entitled to summary judgment because Darby abandoned its claims against H&K in settling with Sensation. Darby's settlement related claims against H&K, i.e., the delay-related and Vessel draft claims it alleges it gave up in the settlement, rise and fall upon a determination of whether the VCA failed to adequately protect Darby's interests. By settling before the determination could be made as to whether the VCA accomplished its objective, Darby prevented the inevitable finding that its interests were protected.  This is classic abandonment.

Finally, even if Darby could recover *some* damages related to delay, those damages are limited by the VCA's limitations of liability and liquidated damages provisions. Together, those provisions bar the recovery of consequential damages relating to delay and limit all delay-related damages to a liquidated sum of $3,000 per day.  Darby's purported damages relating to lost charter revenues, professional fees and costs incurred

4

as a result of delay, and the cost difference for equipment purchased in 2004 rather than in 2002, are all delay-related consequential damages. As consequential damages, these were not recoverable from Sensation. As a matter of law, then, Darby cannot recover them from H&K, either.

### IV.    Relief Sought

Whether due to the VCA's clear wording, the protections afforded by New Zealand law, Darby's abandonment of its claims, or the contractual limitation of damages provisions, H&K is entitled to summary judgment as to each of the damage claims enumerated above. For the reasons more fully set forth in H&K's supporting memorandum of law, and as supported by the Statement of Material Facts Not in Dispute and the record evidence, there are no genuine issues of material fact in dispute to support these claims. Accordingly, H&K requests that the court enter summary judgment in its favor on all claims of damage related to claims Darby alleges it gave up in the Sensation settlement. These include:

- Loss of late fees (*i.e.* delay damages)                        $3,065,351

- Loss of charter revenues                                        $   460,000

- Additional naval architect fees due to dispute delays  $    73,470

- Cost difference for items purchased in 2004 vs. 2002  $    83,018

- Costs to repair the swim platform and correct the
  Vessel's stern                                                  $   661,528

Alternatively, even if it could recover damages for claims given up in the settlement, the lost charter revenues, professional fees and costs, and cost difference for later

acquired equipment are consequential damages. Because these are barred by the VCA,

at a minimum the court should grant H&K summary judgment on these claims.

Dated:     May 7, 2007     Respectfully Submitted,
                Miami, FL

                                        s/Jeffrey T. Foreman
                                        Richard H. Critchlow (FL Bar No. 155227)
                                        Jeffrey T. Foreman (FL Bar No. 612200)
                                        Ismael Diaz (FL Bar No. 575771)
                                        KENNY NACHWALTER, P.A.
                                        1100 Miami Center
                                        201 South Biscayne Boulevard
                                        Miami, FL 33131-4327
                                        Telephone   305-373-1000
                                        Facsimile   305-372-1861
                                        *Attorneys for Defendant Holland & Knight, LLP,*
                                        *Michael T. Moore and Danielle J. Butler*

## Certificate of Service

I hereby certify that on May 7, 2007, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is

being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties

who are not authorized to receive electronically Notices of Electronic Filing.


                                        s/Jeffrey T. Foreman

295519

6

Case No. 04-20658-Civ-TORRES

## SERVICE LIST

*Darby Maritime Limited v. Holland & Knight, LLP, et al.*
Consent Case No. 04-20658-CIV-Jordan/Torres
United States District Court, Southern District of Florida

Lawrence Kellogg, Esq.
LAK@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone    305-536-1112
Facsimile    305-536-1116
**Attorneys for Darby**
**Via EM/ECF**

Richard H. Critchlow
rhc@kennynachwalter.com
Jeffrey T. Foreman
jforeman@kennynachwalter.com
Ismael Diaz (FL Bar No. 575771)
idiaz@kennynachwalter.com
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327
Telephone    305-373-1000
Facsimile    305-372-1861
**Attorneys for Defendant Holland &**
**Knight, LLP *Michael T. Moore and***
***Danielle J. Butler***